NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-117-HRW

ROBERT ANTHONY HAYES                                                                  PETITIONER

VS:                              **MEMORANDUM OPINION & ORDER**

BRIAN J. PATTON                                                                        RESPONDENT

Robert Anthony Hayes, who is currently confined in the Federal Correctional Institution in Ashland, Kentucky, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. He has paid the $5.00 filing fee [Record No. 3].

This matter is pending before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

*Pro se* petitions are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED RESPONDENT

The petitioner has named Brian J. Patton, the warden of FCI-Ashland, as the respondent in this proceeding.

## CLAIM

The petitioner seeks an order requiring the Bureau of Prisons ("BOP") to award him with a year and two months' worth of credit toward his federal sentence. He alleges that he served this amount of time (between March 10, 1999 and May 12, 2000) in official detention, and that this amount of time should therefore be credited to his federal sentence. Additionally, he seeks an order stating that his federal sentence commenced on May 12, 2000, instead of October 18, 2000. The BOP calculates that the petitioner's sentence commenced on October 18, 2000.

## FACTUAL ALLEGATIONS

The following is a brief reconstruction of the relevant factual history. In October of 1991, the petitioner received a ten-year sentence in Kentucky, specifically, the Jefferson County Circuit Court. He was convicted of reckless homicide, trafficking in controlled substances, and engaging in organized crime. He was committed to the Kentucky Department of Corrections (KDOC") on October 11, 2001, to begin serving his term.

On August 27, 1996, the Kentucky Parole Board ("KPB") granted the petitioner parole and he was released from the custody of the KDOC. On July 7, 1998, while on parole, he was arrested for violating the terms of his parole for: (1) possessing or having access to alcohol at his workplace and (2) the existence of a firearm in the locked cabinet of a coworker.[1] After a hearing, the KPB determined that the petitioner had violated the terms of his parole; revoked his

---

[1] The petitioner denies any knowledge of the firearm.

parole on September 17, 1998; and sentenced him to serve one year on his 1991 conviction. Petitioner was then committed to the custody of the KDOC.

On March 10, 1999, while in the KDOC's custody, the United States Marshals ("USM") assumed custody of the petitioner pursuant to a writ of *habeas corpus ad prosequendum* issued by the United States District Court for the Western District of Kentucky ("the Western District"), where he was charged with committing several different federal offenses, s*ee United States v. Robert Hayes*, 3:99-CR-00026-CRS-CCG-1.  In January, 2000, the petitioner pled guilty to the charges of engaging in a continuing criminal enterprise; conspiring to possess (with intent to distribute) cocaine and marijuana; money laundering; and aiding and abetting money laundering. On May 12, 2000, over a year since the issuance of the writ of *habeas corpus ad prosequendum*, the Western District imposed a 235-month sentence plus five years of supervised release.

The petitioner states that he was not returned to the KDOC's custody until May 15, 2000, "whereupon the Marshals requested the placement of a federal detainer on him [petitioner]." [Petition, Record No. 1, p. 4]  Petitioner states that upon return to state custody, he learned that he had missed his September, 1999 parole hearing.  He was told that he would have to wait until another parole hearing could be scheduled before his parole would be considered.

On September 21, 2000, the KPB conducted a hearing and reinstated the petitioner's parole effective October 13, 2000.  Because the federal authorities had lodged the detainer, the petitioner was released from the KDOC's custody into the USM's custody for transfer to a federal penal institution for service of his federal sentence. He was sent to the Federal Correctional Institution in Memphis, Tennessee.

The petitioner states that prison officials at FCI-Memphis initially informed him that his sentence commenced on May 12, 2000, and that he would be given credit toward his federal sentence for the period of time between March 10, 1999 and May 12, 2000.[2] He states that in late 2003, however, the prison personnel at FCI-Memphis informed him that his federal sentence did not commence until October 18, 2000, the day on which he was released from the KDOC's custody to begin serving his federal sentence. FCI-Memphis personnel further informed the petitioner that he would not receive the fourteen months of "jail time" credit which it had previously indicated he would receive. According to the BOP's revised SMCD sheet dated May 11, 2005, the petitioner's revised "Expiration Full Term Date" was extended from October 8, 2018, to May 17, 2020, a period of nineteen months.

The petitioner pursued all of the necessary administrative appeals within the BOP. The BOP refused to award the petitioner with the fourteen months of credit toward his federal sentence. First, the BOP determined that because the petitioner had only been "borrowed" by federal authorities on the writ of *habeas corpus ad prosequendum* during the period between March, 1999 and May, 2000, he was primarily in the custody of the KDOC and only secondarily in federal custody.

Second, the BOP contended at all levels that the petitioner's state sentence was credited

---

[2] The petitioner attached a two-page "Sentence Monitoring Computation Data" ("SMCD") sheet which the BOP created on December 2, 2000. That SMDC sheet stated that the computation of the petitioner's sentence began on May 12, 2000, and that he was being credited for "jail credit" for the period between March 10, 1999, and May 11, 2000. His "Expiration Full Term Date" was listed as October 8, 2018.

with the fourteen-month period at issue. They noted that because the petitioner did not begin serving his federal sentence until October 18, 2000 (the date on which he was paroled from his 1991 Kentucky sentence), crediting his federal sentence with the fourteen months of requested credit would result in the petitioner receiving a "double credit" which 18 U.S.C. §3585(b) specifically prohibits.[3]

On June 2, 2004, Harrell Watts, Administrator of the National Inmate Appeals, denied the petitioner's BP-11, which is the final administrative appeal. Having failed there, the petitioner filed this §2241 habeas petition in this Court on August 7, 2006.[4] He seeks an order directing the BOP to adopt its previous decision, and award him the fourteen months' credit on his federal sentence. Alternatively, he asks for a hearing on the issue of the award of the fourteen months of credit.

## DISCUSSION

The petitioner's arguments are without merit, as the BOP properly denied the petitioner's

---

[3] 18 U.S.C. §2585(b) provides as follows:

(b) *Credit for prior custody*.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*. (Emphasis Added)

[4] Other than to state that in 2005 he was transferred to FCI-Ashland, the petitioner does not explain why he waited two years to file the instant §2241 petition.

demand for credit in the amount of fourteen months. The record before the Court clearly documents that the petitioner's state sentence did not conclude until October 18, 2000, the date on which the petitioner was paroled from his 1991 Kentucky sentence and was released to the primary custody of the United States Marshals. Although the petitioner was sentenced in the Western District on May 12, 2000, he did not begin serving his federal sentence until he was released from state custody on October 18, 2000.

Although it is regrettable that the BOP initially informed the petitioner that he would be receiving the fourteen months of credit, and that the petitioner obviously counted on the BOP's erroneous representations, the BOP's calculations set forth in its December 2, 2002 SMCD were simply wrong. Upon discovery of the error, the BOP so notified the petitioner.

Simply put, the petitioner remained in *primary* custody of the state of Kentucky between March 10, 1999, and May 12, 2000. Under §3585(b), it is the Attorney General, through the BOP, who is authorized to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the same statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." *Id.*

Here, the fourteen months were applied to the petitioner's state sentence, which he did not complete until October 18, 2000. He could not have been paroled from state custody on October 18, 2000, unless the state of Kentucky had been willing to credit him with the period of time between March 10, 1999, and May 12, 2000. Thus, the petitioner is not entitled to

"double dip" by receiving the same amount of credit toward his federal sentence.

Between the dates of March 10, 1999, and May 12, 2000, the petitioner was only secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*. Because the petitioner was in fact only "borrowed" by federal authorities while in their custody under writ of *habeas corpus ad prosequendum*, he remained in the primary custody of the Kentucky authorities.

To the extent that the petitioner spent time in federal custody pursuant to this writ, he is not entitled to credit on his current federal sentence. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished). In *Huffman v. Perez*, Huffman alleged that he was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating as follows:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman* at 1359.

Because Huffman received credit on his state sentence for the period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit. *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman* at 1359. *See also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th

Cir.(Ky.) February 20, 2003) (not selected for publication in the Federal Reporter) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505. If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505.").

In *Easley v. Stepp*, 5 Fed. Appx. 541, 2001 WL 252891 (7th Cir. (Ill.)), the Seventh Circuit concluded that Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, noting that Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ, and that the time spent in custody pursuant to the writ was applied to his state sentence. The court held that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542.[5]

*McClain*, *Huffman*, and *Easley* control the outcome in the instant §2241 petition. To the extent that the petitioner was serving his Kentucky state sentence during the fourteen months

---

[5]

*See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. (Ill.)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.(Ky.)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

at issue, that time would have been applied to his *state* sentence. He was in the primary custody of that state entity. To award the petitioner with fourteen months toward his federal sentence would result in the petitioner receiving a double credit for the same time served, in violation of 18 U.S.C. §3585(b) and the case law cited. The petitioner is not entitled to a hearing on this issue, it appearing that the BOP's May 11, 2005 SMCD sheet is correct. The petition will be dismissed with prejudice for failure to state a claim upon which relief can be granted 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)   The petition of Robert Anthony Hayes for writ of habeas corpus is **DENIED**.

(2)   The action will be **DISMISSED WITH PREJUDICE** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This August 15, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge